UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKEITH CLINTON, CDCR #AY-1315, <br><br> Plaintiff, <br><br> v. <br><br> KATHLEEN ALLISON, Secretary of CDCR, et al., <br><br> Defendants. | Case No.: 23-cv-1471-CAB-SBC <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL [ECF NO. 22]** |

Plaintiff Markeith Clinton, proceeding pro se and in forma pauperis, is currently incarcerated at the Richard J. Donovan Correctional Facility. On September 16, 2024, Plaintiff filed a Motion for Appointment of Counsel. (ECF No. 22.) For the reasons set forth below, the motion is **DENIED**.

## I.   BACKGROUND

Plaintiff initiated this lawsuit by filing a Complaint pursuant to 42 U.S.C. § 1983 on August 9, 2023. (ECF No. 1.) On October 12, 2023, the Court conducted a *sua sponte* screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(b) and dismissed the complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). (ECF No. 6.) Plaintiff filed a First Amended Complaint on January 30, 2024.

1

(ECF No. 9.) On April 29, 2024, the Court issued a Screening Order Re First Amended Complaint and determined that "Plaintiff's Eighth Amendment failure to protect allegations involving John Does 1 and 2, and his conspiracy allegations involving Sgt. Allen, Officer Colon, John Does 1-3, and Jane Doe 4 [were] 'sufficient to warrant . . . an answer.'" (ECF No. 10 at 19 (quoting *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012)).) The Court dismissed all other claims alleged in the First Amended Complaint. *See* ECF No. 10.

On September 26, 2024, Plaintiff filed a Motion to Request Protective Order, Preliminary Injunction, and Temporary Restraining Order. (ECF No. 23.) The motion is currently pending before the Honorable Cathy Ann Bencivengo. (ECF No. 24.) On October 10, 2024, the undersigned conducted an Early Neutral Evaluation Conference and Case Management Conference in this matter. (ECF No. 27.) Plaintiff participated via video conference. (ECF Nos. 18, 27.) The following day, the Court issued a Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings. (ECF No. 28.)

## II.   LEGAL STANDARDS

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions."). District courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to appoint counsel for indigent civil litigants upon a showing of "exceptional circumstances." *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires the Court to "consider whether there is a 'likelihood of success on the merits' and whether 'the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved.'" *Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015) (citation omitted). "Neither of these considerations is dispositive and both must be viewed together before reaching a decision." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

///

## III. DISCUSSION

Plaintiff seeks the appointment of counsel because he is unable to afford counsel, feels his ability to litigate this case is limited because of his imprisonment, considers the issues involved in the case to be complex, believes a lawyer would assist him in the presentation of evidence, and has not been able to find counsel on his own. (Pl.'s Mot., ECF No. 22 at 1-2.)

Certainly, any pro se litigant would benefit from the assistance of counsel. Plaintiff must show, however, that he is unable to articulate his positions because of the complexity of his claims. He has not done so. *See Terrell*, 935 F.2d at 1017 (upholding district court's refusal to appoint counsel because the plaintiff had "demonstrated sufficient writing ability and legal knowledge to articulate his claim"); *see also Wilborn*, 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues.") Further, "[c]oncerns regarding investigation and discovery are . . . not exceptional factors," and while a pro se litigant "may not have vast resources or legal training," these are simply among the commonly shared "types of difficulties encountered by many pro se litigants." *Wells v. Washington State Dep't of Corr.*, No. C13-234 RJB/KLS, 2013 WL 4009076, at *1 (W.D. Wash. Aug. 5, 2013).

In addition, while Plaintiff has adequately articulated his claims, he offers no evidence other than his own conclusory assertion to support them. "To demonstrate that he has a likelihood of success at trial, Plaintiff must do more than merely allege that one of his constitutional rights was violated. He must provide evidence to the effect that he has a likelihood of success on the merits of his allegations." *Dickey v. Strayhorn*, Case No.: 17-cv-546-JLS (JLB), 2017 WL 3118797, at *1 (S.D. Cal. July 21, 2017), *reconsideration denied,* Case No.: 17-cv-00546-JLS (JLB), 2017 WL 4271975 at *1 (S.D. Cal. Sept. 26, 2017). Plaintiff has therefore not shown a likelihood of success of the merits.

///

///

## IV. CONCLUSION

Based on the foregoing, Plaintiff has not sufficiently demonstrated "exceptional circumstances" warranting the appointment of counsel. Accordingly, his Motion for Appointment of Counsel (ECF No. 22) is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 16, 2024

Hon. Steve B. Chu
United States Magistrate Judge