UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKEITH CLINTON<br>CDCR # AY-1315,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>C. ALLEN, et al.,<br><br>　　　　　　　Defendants. | Case No.: 3:23-cv-01471-CAB-SBC<br><br>**ORDER DENYING MOTION TO REQUEST PROTECTIVE ORDER, PRELIMINARY INJUNCTION, TEMPORARY RESTRAINING ORDER [Doc. No. 23]** |

　　On September 26, 2024, Plaintiff Markeith Clinton filed a motion to request protective order, preliminary injunction and temporary restraining order. [Doc. No. 23.] On October 3, 2024, Defendants B. Colon and C. Allen filed an opposition. [Doc. No. 26.] On October 28, 2024, Plaintiff filed a reply. [Doc. No. 30.]  For the reasons set forth below, the motion is **DENIED**.

/ / / / /

# BACKGROUND

Plaintiff alleges that he is a disabled prisoner in general population at Richard J.Donovan Correctional Facility's (RJD) "B" Facility." [Doc. No. 9 (FAC) ¶ 30.] On November 29, 2021, Plaintiff had a medical appointment at the Treatment and Triage Area (TTA). *Id.* Plaintiff was escorted to and then placed within a TTA holding cell with a large "B" on the door. *Id.* ¶ 35.

While Plaintiff waited in his wheelchair for his medical appointment in the holding cell, Officer John Doe 1 placed an able-bodied "SNY" prisoner in the same holding cell. *Id.* ¶ 36. Upon questioning by this other prisoner, Plaintiff replied he was from Facility B. *Id.* ¶ 37. The other prisoner then attacked Plaintiff for approximately 15–30 second when John Doe 1's keys were heard. *Id.* ¶ 38–39. John Doe 1 then opened the holding cell door and permitted the other prisoner to step out. *Id.* ¶ 39.

At about 11:00 A.M., John Doe 1 proceeded to push Plaintiff toward B Facility B in his wheelchair. *Id.* ¶ 41. As Plaintiff was being escorted by John Doe 1, John Doe 2 asked John Doe 1 to "hold up" and gave him a "high 5." *Id.* ¶¶ 42–43. Next, Plaintiff looked over his shoulder to see who was pushing him. *Id.* ¶ 43. Instead of John Doe 1 pushing Plaintiff's wheelchair, the able-bodied prisoner from the holding cell that previously attacked Plaintiff was behind him. *Id.* ¶ 45. The able-bodied prisoner attacked Plaintiff and struck him three times in the back of Plaintiff's head and neck area. *Id.* ¶ 44. Plaintiff then fled his wheelchair "for his own safety." *Id.* ¶ 45. Defendant John Doe 2 intervened and told the aggressor prisoner to "break it up" and "stop." *Id.* ¶ 46. John Doe 2 then escorted the aggressor, able-bodied prisoner toward the housing facility on the "D" yard. *Id.* Plaintiff was escorted back to Facility B. *Id.* ¶ 51.

When Plaintiff was later returned to a TTA holding cell, he requested to speak with Defendant Allen about the incident. *Id.* ¶¶ 5, 47–51. While talking to Allen, Plaintiff reported pain in "the back area and his head, neck, and especially in his leg." *Id.* ¶ 52.

After about 30 minutes, Plaintiff stopped Defendant Jane Doe 4, and requested the status of an x-ray appointment and also requested to see "a Lieutenant or Investigative

Service Unit ("ISU") Officer." *Id.* ¶¶ 26, 54. Defendant Colon then "called Jane Doe 4 off the holding cell door." *Id.* ¶ 54. Plaintiff allegedly overheard Colon tell the other Doe Defendants that "the [sergeant] wanted them to not say anything" and that the Doe Defendants needed to "stand in solidarity" and to "ignore him." *Id.* ¶¶ 56, 58.

Plaintiff was seen for an x-ray at about 1:30 P.M. *Id.* ¶ 59. The x-ray technician told Plaintiff that the x-ray revealed "broken leg." A registered nurse completed the California Department of Corrections and Rehabilitation (CDCR) 7219 incident report to document Plaintiff's injuries. *Id.* ¶ 63. After the nurse completed the CDCR 7219 form, Allen spoke with the nurse for about two minutes. *Id.* ¶ 64. Although Plaintiff could not hear their conversation, Plaintiff saw Allen take the completed CDCR 7219 form from the nurse. *Id.*

Based on these allegations in Plaintiff's FAC and the Court's subsequent screening order, Plaintiff brings two claims: (1) an Eighth Amendment failure to protect involving S&E Officers John Doe 1 and 2 [FAC ¶¶ 14, 16, 18, 76, 90–91, 98; Doc. No. 8–9, 10 at 19, 20], and (2) conspiracy to deprive Plaintiff of his Eighth Amendment right to protection from known and substantial risks of harm involving Allen, Colon, John Does 1–3, and Jane Doe 4 [FAC ¶¶ 10–11, 14–16, 54–58, 77, 83, 85, 87; Doc. No. 10 at 11–12, 19, 20].

On September 25, 2024, Plaintiff filed this Motion for injunctive relief. [Doc. No. 23.] Plaintiff seeks an order (1) "to stop CDCR/RJD from integration between the general population prisoners with the sensitive need yard prisoners, protective custody, extreme outpatients, etc."; (2) "directing Defendants agent(s) to halt any SNY/GP integration and transfer of Plaintiff and allowing his person legal materials to remain with Plaintiff in his present location and cell"; and (3) "directing CDCR not to transfer Plaintiff under physicians and specialist care, and not to separate Plaintiff from his legal materials for any non-emergency reasoning." *Id.* at 2, 7, 9.

/ / / / /
/ / / / /

## LEGAL STANDARD

"The standards for issuing a TRO and a preliminary injunction are 'substantially identical.'" *Spell v. County of Los Angeles*, No. 2:19-06652 FMO (ADS), 2019 WL 9048854, at *2 (C.D. Cal. Sept. 10, 2019) (quoting *Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (overruled on other grounds)). "'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)). "The first factor under *Winter* is the most important—likely success on the merits." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015).

Further, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983). Pursuant to Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).

## DISCUSSION

A. Plaintiff's Request is Unrelated to the Lawsuit.

The plaintiff bears the heavy burden of making a "clear showing" that he is entitled to the "extraordinary and drastic remedy" of a preliminary injunction. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). And the requested injunctive relief must relate to

the claims in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). Absent a "nexus" between the injury claimed in the motion and the underlying complaint, the court lacks authority to grant an injunction. *Id*. A sufficient nexus exists "where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id.*

Here, Plaintiff has not shown that his Motion has the sufficient relationship or nexus to his claims. In Plaintiff's operative FAC, there are only two claims that passed screening: (1) an Eighth Amendment failure to protect involving S&E Officers John Doe 1 and 2; and (2) conspiracy to deprive Plaintiff of his Eighth Amendment right to protection from known and substantial risks of harm involving Allen, Colon, John Does 1–3, and Jane Doe 4. Both of these claims pertain to two isolated attacks that Plaintiff alleges he suffered on November 29, 2021. [FAC ¶¶ 76, 85, 91, 98.B.1–2; Doc. No. 10 at 8–12.] But Plaintiff's Motion requests relief unrelated to his November 2021 assaults. Instead, Plaintiff seeks injunctive relief to stop "CDCR/RJD" from integrating certain inmate populations, ensure Plaintiff's legal materials remain in his custody, and direct "CDCR" to not transfer Plaintiff. The requested relief in Plaintiff's Motion lacks any nexus to the underlying facts and requested relief in the FAC.  Given that Plaintiff's request in the Motion is unrelated to the lawsuit, this Court lacks authority to grant an injunction. *Pac. Radiation Oncology, LLC,* 810 F.3d at 636. *See also Dillingham v. Johnson,* No. 13-CV-05777-YGR (PR), 2016 WL 304762, at *13 (N.D. Cal. Jan. 26, 2016) ("Plaintiff cannot obtain a preliminary injunction or a TRO against a non-party for wrongs different from the claims presented in the complaint in this action.").

B. The Court Lacks Jurisdiction Over Non-Parties.

In the Motion, Plaintiff seeks injunctive relief that directs nonparties to act or refrain from act. However, courts lack jurisdiction over nonparties. *See Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it

has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Here, Plaintiff seeks preliminary injunctive relief to stop "CDCR/RJD" from integrating certain inmate populations, ensure Plaintiff's legal materials remain in his custody, and direct "CDCR" to not transfer Plaintiff. [Doc. No. 23 at 2, 7, 9; Doc. No. 23-1 ¶ 10.] First, "CDCR" and "RJD" are not parties to the lawsuit. Second, Plaintiff has only named two Defendants, Allen and Colon, that have survived screening in this action in their individual capacities. [FAC ¶¶ 5–12; Doc. No. 10 at 20.] However, Defendants Allen and Colon lack the authority to enact the changes that Plaintiff seeks in his Motion. [Doc. No. 26-2, Allen Decl. ¶ 3; Doc. No. 26-3, Colon Decl. ¶ 3.] And Plaintiff's FAC dropped the claims against CDCR Secretary Allison, RJD Warden Madden, Chief Deputy Warden Buckel, and Associated Warden Steadman. Given that there are only nonparties involved in the conduct alleged in the Motion, the Court cannot enjoin these nonparties in an order for injunctive relief. *Zepeda*, 753 F.2d at 727.  *See also Hardney v. Warren*, No. 216CV0172GEBEFBP, 2017 WL 4574316, at *4 (E.D. Cal. Oct. 13, 2017) ("The motions for injunctive relief do not involve the defendants in this action or the Eighth Amendment claims.").

## CONCLUSION

For the reasons set forth above[1], the motion to request protective order, preliminary injunction and temporary restraining order is **DENIED**.

**IT IS SO ORDERED**.

Dated:  November 4, 2024

Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] Given the unlikelihood of the Motion's success on the merits, as well as jurisdictional flaws, the Court declines to reach the other *Winters* factors for injunctive relief. *Winter*, 555 U.S. at 20.