UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKEITH CLINTON, CDCR #AY-1315,<br><br>                              Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, Secretary of CDCR, et al.,<br><br>                            Defendants. | Case No.:  23-cv-1471-CAB-SBC<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [ECF NO. 39]; AND**<br><br>**(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE UPON DEFENDANT P. BINGHAM PURSUANT TO 28 U.S.C. § 1915(d) AND FED. R. CIV. P. 4(c)(3)** |

      Presently before the Court is a Motion for Leave to File an Amended Complaint to Add a Party or Parties filed by Plaintiff Markeith Clinton. (ECF No. 39.) Plaintiff submitted a proposed Second Amended Complaint ("SAC") concurrently with his motion. (ECF No. 39-1.) For the reasons set forth below, Plaintiff's motion is **GRANTED**.[1]

---

[1] "Generally, a motion for leave to amend the pleadings is a nondispositive matter that may be ruled on by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)." *Morgal v. Maricopa Cty. Bd. of Sup'rs*, 284 F.R.D. 452, 458 (D. Ariz. 2012). A ruling on a motion for leave to

## I.  BACKGROUND

On August 9, 2023, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On October 12, 2023, District Judge Cathy Ann Bencivengo granted Plaintiff's motion to proceed in forma pauperis ("IFP"), triggering the Court's obligation to screen the complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, and dismissed the complaint with leave to amend. (ECF No. 6.) Plaintiff filed a First Amended Complaint ("FAC") on January 30, 2024. (ECF No. 9.) On April 29, 2024, the district judge issued a Screening Order Re the First Amended Complaint. (ECF No. 10.) The Court found that Plaintiff's FAC alleged plausible Eighth Amendment and conspiracy violations as to some defendants, but failed to state any other viable claim for relief upon which section 1983 relief could be granted. (*Id.* at 2.) Specifically, Judge Bencivengo found "only Plaintiff's Eighth Amendment failure to protect allegations involving John Does 1 and 2, and his conspiracy allegations involving Sgt. Allen, Officer Colon, John Does 1-3, and Jane Doe 4 sufficient to warrant [] an answer." (*Id.* at 19 (internal quotations omitted).) The Court directed the U.S. Marshal to effect service of process upon Defendants Allen and Colon pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3). (*Id.*)[2] The Court further stated that Plaintiff was required to "identify [the Doe defendants], submit an amended pleading and/or file a motion to substitute each Doe's true name, and request U.S. Marshal service upon each of these individuals as required by Federal Rule of Civil Procedure 4 before any claims alleged against them may proceed." (*Id.* at 19 n.8.)

In the motion presently before the Court, Plaintiff requests leave to file an "amended complaint adding parties." (ECF No. 39 at 1.) He explains that since the filing of the FAC, he has determined that the identity of Defendant John Doe 1 is B. Colon, who is already a

---

amend would be considered dispositive if a party is denied the opportunity to assert a new claim or defense (*e.g.*, when the ruling is with prejudice and there is no further opportunity to file another motion to amend). *Id.*

[2] Defendants Allen and Colon filed an answer on August 19, 2024. (ECF No. 17.)

named defendant in this action, and the identity of Defendant John Doe 2 is P. Bingham. (*Id.*) Plaintiff states that his proposed Second Amended Complaint reflect the identities of these defendants. (*Id.*)

On January 28, 2025, Defendants Allen and Colon filed a Partial Statement of Non-Opposition to Plaintiff's Motion for Leave to Amend Complaint and Request for Screening Order. (ECF No. 41.) Defendants state that they "do not oppose Plaintiff's motion to update the allegations regarding B. Colon and the inclusion of P. Bingham" but that their non-opposition "extends to only the narrow updates regarding the identities of the Doe Defendants." (*Id.* at 2.) They oppose Plaintiff's motion and proposed SAC "to the extent Plaintiff seeks to re-plead causes of action that the court already dismissed—even as to the Doe Defendants." (*Id.*)

## II.  LEGAL STANDARDS

Federal Rule of Civil Rule 15(a)(2) directs that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising its discretion" whether to allow a party to amend, the Court "must be guided by the underlying purpose of Rule 15–to facilitate decision on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).[3] Thus, while leave to amend is not guaranteed, it "should be granted with extreme liberality." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009). The Court must be especially generous permitting a *pro se* plaintiff to amend his or her pleadings. *See Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (noting leave to amend "should be granted more liberally to *pro se* plaintiffs"). Considering the liberality espoused by the Federal Rules, the Court should not deny a motion to amend "unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Yakama Indian*

---

[3] All citations, internal quotation marks, and subsequent history are omitted unless otherwise noted.

*Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.  DISCUSSION

**A.    Leave to Amend is Warranted**

Plaintiff states that he amended his complaint to reflect the identities of Defendants John Doe 1 and John Doe 2. (ECF No. 39 at 1.) The factual allegations in Plaintiff's proposed SAC are largely copied from his FAC, other than inserting Defendant Colon for "John Doe 1" and Defendant P. Bingham for "John Doe 2." (*Compare* ECF No. 9 *with* ECF No. 39-1.) Given that Plaintiff was advised by the district judge of his obligation to identify the Doe defendants and "submit an amended pleading and/or file a motion to substitute each Doe's true name," (ECF No. 10 at 19 n.8), the Court finds Plaintiff's proposed SAC, which does exactly that, readily satisfies Rule 15. Defendants do not oppose the substitution of Defendant Colon as Defendant John Doe 1 and P. Bingham as Defendant John Doe 2. (ECF No. 41 at 2.)

Accordingly, leave to amend is warranted, and the Court **GRANTS** Plaintiff's Motion for Leave to File an Amended Complaint to Add a Party or Parties. (ECF No. 39.) The Clerk is directed to file the proposed Second Amended Complaint, filed at ECF No. 39-1, as a separate pleading on the court docket.

**B.    Request to Screen SAC**

Defendants contend that Plaintiff's proposed SAC includes claims previously dismissed by the Court as to both the named defendants and the Doe defendants. (ECF No. 41 at 2-3.) They suggest that "[i]f the Court grants Plaintiff's motion, the Court should re-screen Plaintiff's proposed second amended complaint." (*Id.* at 3.)

The Court declines to screen Plaintiff's SAC. Where the Court has determined a *pro se* prisoner's pleading contains a cognizable claim, "if an amended complaint [is] filed," defense counsel must "defend the case by filing a motion under Rule 12(b)(6) or face a default judgment." *Rincon v. Cate*, No. 09cv2698–JLS (NLS), 2011 WL 1642615, at *2 (S.D. Cal. Apr. 29, 2011). The Prison Litigation Reform Act ("PLRA") does not require

the Court, "either explicitly or implicitly," to re-screen every amended complaint. *Olausen v. Murguia*, No. 3:13-CV-00388-MMD, 2014 WL 6065622, at *3 (D. Nev. Nov. 12, 2014). Indeed, that argument "has been repeatedly rejected by courts in this District and throughout the Ninth Circuit as unsupported by the text of the [PLRA] and contrary to its purpose." *Hernandez v. Williams*, No. 21-cv-944-WQH-KSC, 2022 WL 2392457, at *2 (S.D. Cal. June 30, 2022) (collecting cases). Furthermore, by insisting the Court screen Plaintiff's SAC, Defendants Allen and Colon ignore Judge Bencivengo's clear directive that they must respond to Plaintiff's FAC "*and any subsequent pleading Plaintiff may file in this matter in which they are named as parties*." (ECF No. 10 at 21.)

### C. Defendants' Request for Extension of Discovery Deadlines

Defendants seek a continuance of the current discovery deadlines by at least ninety days. (ECF No. 41 at 4.) The Court finds that the filing of Plaintiff's SAC establishes good cause to continue the scheduling order dates. The Court will separately issue an amended scheduling order.

## IV.   CONCLUSION

Based on the foregoing, Plaintiff's Motion for Leave to File an Amended Complaint to Add a Party or Parties (ECF No. 39) is **GRANTED**. The Court hereby:

1) DIRECTS the Clerk to file the proposed Second Amended Complaint, filed at ECF No. 39-1, as a separate pleading on the court docket.

2) DIRECTS the Clerk to issue a summons as to Plaintiff's Second Amended Complaint upon Defendant P. Bingham, and forward it to him along with a blank U.S. Marshal Form 285 for Defendant Bingham. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, its October 12, 2023 Order Granting IFP (ECF No. 6), a certified copy of his Second Amended Complaint, and the summons so that he may serve this named defendant. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285 as completely and accurately as possible, include an address where Defendant Bingham may be found and/or subject to service, and return it to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

3) ORDERS the U.S. Marshal to serve a copy of Plaintiff's Second Amended Complaint and summons upon Defendant P. Bingham at the address provided by Plaintiff on the USM Form 285 provided, and to file an executed waiver of personal service upon Defendant Bingham with the Clerk of Court as soon as possible after its return. Should Defendant fail to return the U.S. Marshal's request for waiver of personal service within 90 days, the U.S. Marshal must instead file the completed Form USM 285 Process Receipt and Return with the Clerk of Court, include the date the summons, Second Amended Complaint, and request for waiver was mailed to Defendant Bingham, and indicate why service remains unexecuted. All costs of service will be advanced by the United States; however, if Defendant is located within the United States and fails without good cause to sign and return the waiver requested by the Marshal on Plaintiff's behalf, the Court will impose upon Defendant any expenses later incurred in making personal service. See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

3) ORDERS Defendants Allen and Colon to respond to Plaintiff's Second Amended Complaint within the time provided by Federal Rule of Civil Procedure 15(a)(3).

**IT IS SO ORDERED.**

Dated: February 7, 2025

Hon. Steve B. Chu
United States Magistrate Judge