UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKEITH CLINTON,<br><br>                               Plaintiff,<br><br>v.<br><br>C. ALLEN, et al.,<br><br>                               Defendants. | Case No.: 3:23-cv-01471-CAB-SBC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Doc. Nos. 47, 59] |

## I.     PROCEDURAL BACKGROUND

The Court previously dismissed Plaintiff's amended complaint but gave Plaintiff (proceeding pro se) leave to file an amended complaint. Defendant-Officers Allen, Colon, and Bingham have filed a motion to dismiss Plaintiff's Second Amended Complaint (SAC). [Doc. No. 47.] The Court grants Defendants' motion and partially dismisses the SAC with prejudice.

## II.    PROCEDURAL BACKGROUND

The Court screened Plaintiff's FAC and permitted only two causes of action to proceed: (1) an Eighth Amendment failure to protect claim against John Does 1 and 2 and (2) a conspiracy claim to deprive Plaintiff of his Eighth Amendment right to protection from known and substantial risks of harm involving Defendants Allen, Colon, John Does 1-3, and Jane Doe 4. [Doc. No. 20.] Plaintiff then moved to file an amended complaint to

identify Defendant Colon as John Doe 1 and Defendant Bingham as John Doe 2. [Doc. No. 39.] The Court granted leave to amend and Plaintiff filed his SAC. [Doc. No. 44.] Defendant Bingham waived service and entered an appearance in this case. [*See* Doc. No. 60.]

### III. ANALYSIS

The Court does not rehash the facts alleged here, only noting that they are similar to those pleaded in the originally dismissed complaint. The familiar standard applies for a motion to dismiss. Fed. R. Civ. P. 12(b)(6) permits a party to file a motion to dismiss for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Vague and conclusory allegations" concerning government involvement in civil rights violations are insufficient to withstand a motion to dismiss. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's SAC still contains causes of action that the Court previously dismissed when it screened the FAC. No new facts require an alternative outcome. The Court again dismisses Plaintiff's claims based on failure to protect based on the Fourteenth Amendment, ADA and equal protection under the Fourteenth Amendment, retaliation under the First Amendment, inadequate medical care under the Eighth Amendment, and criminal law and administrative law claims. [*See* Doc. No. 10.] This dismissal is with prejudice since further amendment would be futile.

Second, Plaintiff does not include any Doe Defendants (or Defendants other than Colon, Allen, and Bingham) in the SAC. The use of Doe Defendants is not favored in the Ninth Circuit. *See Fifty Associates v. Prudential Ins. Co.*, 446 F.2d 1187, 1191 (9th Cir. 1970). To plead a claim against a doe defendant in the Section 1983 context, a plaintiff must specifically identify individual conduct that led to an alleged constitutional violation. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (the inquiry into causation is individualized). All remaining Doe Defendants are dismissed from this case with

prejudice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) ("[A]n amended pleading supersedes the original pleading.").

### IV. CONCLUSION

The only live claims in the operative complaint, the SAC, are (1) an Eighth Amendment failure to protect claim against Defendants Colon and Bingham and (2) the conspiracy allegations against Colon, Allen, and Bingham. All other Defendants are terminated from this case. The remaining Defendants should respond to the identified claims by June 3, 2025. The Clerk of the Court is directed to change the caption to reflect the proper spelling of Defendant Bingham ("Officer P. Bingham").

It is **SO ORDERED**.

Dated 5/20/2025

Hon. Cathy Ann Bencivengo
United States District Judge